IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHANIE DURAN and ROSA RESENDEZ, On Behalf of Themselves and all Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 1:18-cv-761 |
| CONN APPLIANCES, INC. (d/b/a Conn's), | § § | COLLECTIVE ACTION |
| Defendant. | § § § | JURY TRIAL DEMANDED |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR DAMAGES**

Plaintiffs, Stephanie Duran ("Duran") and Rosa Resendez ("Resendez") (collectively "Plaintiffs"), file this Complaint against Conn Appliances, Inc. d/b/a Conn's ("Conn's" or "Defendant"), showing in support as follows:

## I.    SUMMARY

1.    Plaintiffs are former employees of Defendant. Plaintiffs were employed as sales associates at Conn's stores in Texas.

2.    Defendant's pay practices varied over time for its sales associate employees. At times, those employees were paid hourly plus commissions/bonuses. At other times, those employees were paid on a commission only basis.

3.    Defendant had a practice and/or policy of deducting remuneration from Plaintiffs' paychecks for business related expenses, such as costs for issues with Defendant's customers, paperwork processing mistakes/issues, and employee uniforms.

4.    Plaintiffs routinely worked in excess of 40 hours per workweek while performing their respective job duties for Defendant. However, Plaintiffs were not paid time and one-half their respective regular rates of pay for each and every hour worked over 40 in each workweek

*Plaintiffs' Original Complaint for Damages – Page 1*

while employed by Defendant. Defendant failed to pay all overtime wages owed to Plaintiffs by: (1) not paying Plaintiffs overtime premium compensation for all overtime hours worked, (2) not including commissions and/or bonuses in calculating Plaintiffs' respective regular rates of pay (for hourly plus commission/bonus pay only), and (3) deducting expenses from Plaintiffs' respective paychecks which cut into the overtime premium compensation Plaintiffs were owed.

5.      During some workweeks in Plaintiffs' employment with Defendant, their respective average hourly rate of pay, when divided by all hours worked in the corresponding workweek, was below $7.25 per hour. That failure to pay all minimum wages owed was, at times, due to Defendant deducting the aforementioned expenses from Plaintiffs' respective wages. Also, based on hours worked, there are workweeks in which Plaintiffs were not paid at least $7.25 per hour when dividing all wages paid by all hours worked in the corresponding workweek regardless of expense deductions.

6.      Conn's employed numerous sales associates in Texas and states other than Texas who are and/or were similarly to Plaintiffs relative to the claims made the subject matter of this lawsuit. The relative time period of the FLSA collective action claims in this lawsuit is three years preceding the date this lawsuit was filed and forward.

7.      There was a recent United States Department of Labor, Wage and Hour Division ("DOL") investigation which found that Conn's violated the FLSA by making deductions from employees' wages to cover the cost of uniforms and for paperwork processing mistakes. The DOL determined that those deductions dropped employees' hourly rates below the amount required for them to qualify for a specific exemption from overtime that Conn's claimed. The DOL also found that Conn's violated the FLSA by failing to include commissions and bonuses

when calculating overtime rates for some hourly employees, resulting in overtime wages lower than those the employees had legally earned.

8.      Plaintiffs, on behalf of themselves and all others similarly situated, seek to recover unpaid overtime wages, minimum wages, liquidated damages, and all other available damages under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA").

## II.      THE PARTIES, JURISDICTION, AND VENUE

### A.      Plaintiff Stephanie Duran

9.      Duran is a natural person and a resident Texas. She has standing to file this lawsuit.

10.      Duran was employed by Defendant from approximately August 2007 to approximately August 1, 2017. During the time period relevant to Duran's claims, which is three years before this lawsuit was filed to the end of her employment with Defendant, she was employed as a sales associate.

11.      During Duran's employment with Defendant, Defendant changed its pay practices between hourly plus commissions to commissions only. Duran does not presently recall the exact dates, but believes she was paid on a commission only basis in the time period relative to her individual claims in this lawsuit. If Defendant complied with its FLSA record keeping obligations, its records will show the exact methods, rates, and amounts of pay per workweek and pay period during the time period relevant to Duran's claims.

12.      Plaintiff worked for Defendant at a Conn's store in Travis County, Texas.

13.      By filing this lawsuit as a named Plaintiff, Duran consents to be a party plaintiff pursuant to 29 U.S.C. § 255 and 29 U.S.C. § 256.

### B.      Plaintiff Rosa Resendez

14.     Resendez is a natural person and resident of Texas. She has standing to file this lawsuit.

15.     Resendez was employed by Defendant as a sales associate from approximately December 2015 to approximately May 2018.

16.     During Resendez's employment period with Defendant, Defendant changed its pay practices between hourly plus commissions to commissions only. Resendez does not presently recall the exact dates, but if Defendant complied with its FLSA record keeping obligations, its records will show the exact methods, rates, and amounts of pay per workweek and pay period during the time period relevant to Resendez's claims.

17.     Resendez worked for Defendant at its store located at 2021 North Town East Boulevard, Suite 1050, Mesquite, Dallas County, Texas 75150.

18.     By filing this lawsuit as a named Plaintiff, Resendez consents to be a party plaintiff pursuant to 29 U.S.C. § 255 and 29 U.S.C. § 256.

C.      **FLSA Collective Action Members**

1.      **FLSA Hourly Plus Commission Overtime Claim Collective Action Members**

19.     The FLSA Hourly Plus Commission Overtime Claim putative collective action members (hereafter the "FLSA Hourly Plus Commission Overtime Collective Action Members/FLSA Hourly Plus Commission Overtime Putative Collective Action Members") are all current and/or former employees of Defendant who are similarly situated to Duran and/or Resendez who: (a) work/worked for Defendant as sales associates; (b) are/were paid on an hourly and commission basis; (c) work/worked more than 40 hours in any workweek in the relevant time period; and (d) are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each such workweek by Defendant.

20.     All of the FLSA Hourly Plus Commission Overtime Putative Collective Action Members are similarly situated to Duran and/or Resendez, and to one another, within the meaning of Section 216(b) of the FLSA.

21.     The time period relevant to the claims of the FLSA Hourly Plus Commission Overtime Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**2.      <u>FLSA Commission Only Overtime Claim Collective Action Members</u>**

22.     The FLSA Commission Only Overtime Claim putative collective action members (hereafter the "FLSA Commission Only Overtime Collective Action Members/FLSA Commission Only Overtime Putative Collective Action Members") are all current and/or former employees of Defendant who are similarly situated to Duran and/or Resendez who: (a) work/worked for Defendant as sales associates; (b) are/were paid on commission only basis; (c) work/worked more than 40 hours in any workweek in the relevant time period; and (d) are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each such workweek by Defendant.

23.     All of the FLSA Commission Only Overtime Putative Collective Action Members are similarly situated to Duran and/or Resendez, and to one another, within the meaning of Section 216(b) of the FLSA.

24.     The time period relevant to the claims of the FLSA Commission Only Overtime Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**3.      <u>FLSA Expense Deduction Minimum Wage Claim Collective Action Members</u>**

25.     The FLSA Expense Deduction Minimum Wage Claim putative collective action members (hereafter the "FLSA Expense Deduction Minimum Wage Collective Action

Members/FLSA Expense Deduction Minimum Wage Putative Collective Action Members") are all current and/or former employees of Defendant who are similarly situated to Duran and/or Resendez who: (a) work/worked for Defendant as sales associates; (b) are/were paid on an hourly plus commission and/or commission only basis; (c) experience/experienced payroll deductions similar to those found by the DOL for Conn's business expense payroll deductions, including uniforms, paperwork processing mistakes, and/or customer issues; and (d) whose average weekly hourly pay, after factoring those payroll deductions, is/was less than $7.25 per hour worked when dividing all wages received by all hours worked in the corresponding workweek.

26.    All of the FLSA Expense Deduction Minimum Wage Collective Action Members are similarly situated to Duran and/or Resendez, and to one another, within the meaning of Section 216(b) of the FLSA.

27.    The time period relevant to the claims of the FLSA Expense Deduction Minimum Wage Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**4.    FLSA Minimum Wage Claim Collective Action Members**

28.    The FLSA Minimum Wage Claim putative collective action members (hereafter the "FLSA Minimum Wage Collective Action Members/FLSA Minimum Wage Putative Collective Action Members") are all current and/or former employees of Defendant who are similarly situated to Duran and/or Resendez who: (a) work/worked for Defendant as sales associates; (b) are/were paid on a commission only basis; and (c) whose average weekly hourly pay is/was less than $7.25 per hour worked when dividing all wages received by all hours worked in the corresponding workweek(s).

29.     All of the FLSA Minimum Wage Collective Action Members are similarly situated to Duran and/or Resendez, and to one another, within the meaning of Section 216(b) of the FLSA.

30.     The time period relevant to the claims of the FLSA Minimum Wage Collective Action Members is three years preceding the date this lawsuit was filed and forward.

31.     The foregoing four classes and/or sub-classes are referred to collectively as the "FLSA Collective Action Members/FLSA Putative Collective Action Members" in this document. Plaintiffs request alternative FLSA overtime and/or minimum wage classes and/or sub-classes as deemed appropriate by the Court relative to conditional and/or final certification.

**D.     Defendant Conn Appliances, Inc. d/b/a Conn's**

32.     Defendant is a for-profit corporation incorporated under the laws of the State of Texas.

33.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas. Furthermore, Defendant employed and continues to employ workers in Texas.

34.     Conn's principal office and principal place of business is 2445 Technology Forest Boulevard, Building 4, 8th Floor, The Woodlands, Texas 77381-5259.

35.     At times relevant, Conn's is and/or was an "employer" of Plaintiffs and the FLSA Putative Collective Action Members identified in Section II.C. above.

36.     At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

37.     At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees who engaged in commerce. For example, Defendant has, at all

relevant times, had two or more employees engaged in interstate sales of appliances and other items offered for sale by Defendant.

38.     At all times relevant to this lawsuit, Defendant has operated stores in numerous states, including Alabama, Arizona, Colorado, Georgia, Louisiana, Mississippi, New Mexico, Nevada, Oklahoma, North Carolina, South Carolina, Tennessee, Texas, and Virginia.

39.     At all times relevant to this lawsuit, Defendant has employees working Texas and states other than Texas, such as Alabama, Arizona, Colorado, Georgia, Louisiana, Mississippi, New Mexico, Nevada, Oklahoma, North Carolina, South Carolina, Tennessee, and Virginia.

40.     At all times relevant to this lawsuit, Defendant employed two or more employees who regularly handled and/or worked on goods and/or materials in their daily work that are and/or were moved in and/or produced for commerce by other people. Examples of such goods and/or materials include appliances, furniture, computers, computer related equipment, and communication devices used in connection with Defendant's business operations.

41.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

42.     Defendant may be served with summons by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**E.     Jurisdiction and Venue**

43.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

44.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

45.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims on federal law, namely the FLSA.

46.     Venue is proper in the United States District Court for the Western District of Texas because a substantial part of the events giving rise to Duran's and the FLSA Putative Collective Action Members' claims occurred in this judicial district. Furthermore, Defendant maintains numerous stores in this judicial district where current and/or former employees who are/were similarly situated to Duran and/or Resendez performed work.

47.     Venue is proper in the Austin Division of the United States District Court for the Western District of Texas because Defendant maintains numerous business locations in this division and a substantial part of the events giving rise to Duran's and many of the FLSA Putative Collective Action Members' claims occurred in this division.

### III.     FACTUAL BACKGROUND

48.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

49.     Conn's is one of the largest consumer goods stores in the nation. Conn's has approximately 115 stores located in states such as Alabama, Arizona, Colorado, Georgia, Louisiana, Mississippi, New Mexico, Nevada, Oklahoma, North Carolina, South Carolina, Tennessee, Texas, and Virginia. Conns has approximately 4,500 employees. Items sold at Conn's stores include appliances, furniture, electronics, mattresses, bedding, computers, and computer accessories.

50.     There was a recent DOL investigation which found that Conn's violated the FLSA by making deductions from employees' wages to cover the cost of uniforms and for

paperwork processing mistakes. The DOL determined that those deductions dropped employees' hourly rates below the amount required for them to qualify for a specific exemption from overtime that Conn's claimed. The DOL also found that Conn's violated the FLSA by failing to include commissions and bonuses when calculating overtime rates for some hourly employees, resulting in overtime wages lower than those the employees had legally earned.

51.     Plaintiffs and the FLSA Putative Collective Action Members include current and/or former employees in the time period of three years preceding the date this lawsuit was filed and forward who experienced the FLSA violations identified by the aforementioned DOL investigation but whose FLSA claims made the basis of this lawsuit have not been lawfully released in full.

52.     During Plaintiffs' respective employment period with Defendant as sales associates, Defendant changed its pay practices between hourly plus commissions to commissions only. Plaintiffs do not presently recall the exact dates, but if Defendant complied with its FLSA record keeping obligations, its records will show the exact methods, rates, and amounts of pay per workweek and pay period during the time period relevant to Plaintiffs' claims. The same is true for the FLSA Putative Collective Action Members.

53.     Plaintiffs and the FLSA Putative Collective Action Members regularly worked in excess of 40 hours per seven day workweek as employees of Defendant. Defendant had a practice and/or policy of deducting business expenses from the paychecks of Plaintiffs and the FLSA Putative Collective Action Members that are/were similar to those identified by the aforementioned DOL investigation.

54.     When Duran and/or Resendez and the FLSA Hourly Plus Commission Overtime Collective Action Members were paid on an hourly plus commission basis, they were not paid

*Plaintiffs' Original Complaint for Damages – Page 10*

time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven day workweek when employed by Defendant. That failure to pay all overtime wages owed includes: (a) Duran and/or Resendez and the FLSA Hourly Plus Commission Overtime Collective Action Members not being paid for all hours worked performing job duties that were integral and indispensable to their respective job duties; (b) Defendant not including all remuneration required by the FLSA, such as commissions/bonuses, in calculating the respective regular rates of pay for Duran and/or Resendez and the FLSA Hourly Plus Commission Overtime Collective Action Members; and (c) Defendant making deductions from the respective wages of Duran and/or Resendez and the FLSA Hourly Plus Commission Overtime Collective Action Members for business related expenses, such as uniforms, paperwork processing mistakes, and/or customer issues, that cut into the time and one-half overtime premium pay that they are/were owed.

55.     When Duran and/or Resendez and the FLSA Commission Only Overtime Collective Action Members were paid on a commission only basis, they were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven day workweek when employed by Defendant. This failure to pay all overtime wages owed includes: Duran and/or Resendez and the FLSA Commission Only Overtime Collective Action Members not being paid for all hours worked performing job duties that were integral and indispensable to their respective job duties; and (b) Defendant making deductions from the respective wages of Duran and/or Resendez and the FLSA Commission Only Overtime Collective Action Members for business related expenses, such as uniforms, paperwork processing mistakes, and/or customer issues, that cut into the time and one-half overtime premium pay that they are/were owed.

56.     Plaintiffs and the FLSA Expense Deduction Minimum Wage Collective Action Members were paid on an hourly plus commission and/or commission only basis. Defendant had a practice and/or pattern of deducting business expenses from their paychecks similar to those identified in the aforementioned DOL investigation. Those business expense payroll deductions included expenses for uniforms, paperwork processing mistakes/issues, and/or customer issues. Due to those business expense payroll deductions, there are workweeks in the relevant time period in which Plaintiffs and the FLSA Expense Deduction Minimum Wage Collective Action Members are not/were not paid at least $7.25 per hour worked when dividing all wages received by all hours worked in the corresponding workweek.

57.     Duran and/or Resendez and the FLSA Minimum Wage Collective Action Members were paid on a commission only basis. During the time period relevant to this lawsuit, there are workweeks in which Plaintiffs and the FLSA Minimum Wage Collective Action Members are not/were not paid at least $7.25 per hour worked when dividing all wages received in a workweek by the corresponding total hours worked in that workweek.

58.     Defendant did not make and keep a record of all of all hours worked per workday and per seven day workweek pursuant to 29 C.F.R. § 516.2(a)(7) in connection with the work performed by Plaintiffs.

59.     Defendant did not make and keep a record of all of all hours worked per workday and per seven day workweek pursuant to 29 C.F.R. § 516.2(a)(7) in connection with the work performed by the FLSA Putative Collective Action Members.

## IV.     <u>CONTROLLING LEGAL RULES</u>

60.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

61.     The FLSA generally requires that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

62.     The "regular rate" includes "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e). With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

63.     Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

64.     The FLSA generally requires that an employer shall pay to each of its employees who in any workweek is engaged in commerce or in the production of goods for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce wages of not less than $7.25 for each hour worked. 29 U.S.C. § 206(a)(1)(C).

65.     "[C]ourts have determined almost universally that an FLSA claim accrues … when an employer fails to pay workers on their regular paydays, and that a violation of the [FLSA] also occurs on that date" which allows for liquidated damages in an amount equal to untimely paid minimum wages. *Martin v. United States*, 117 Fed. Cl. 611, 615, 617-18 (2014) (citing *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993); *Olson v. Superior Pontiac–GMC,*

*Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985), *modified*, 776 F.2d 265 (11th Cir. 1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir. 1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir. 1944)).

66.     Failing to pay the required minimum hourly wage is a violation of the FLSA. 29 U.S.C. § 216(b).

67.     "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

68.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

## V.     PLAINTIFFS' CLAIMS

69.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

70.     This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. §§ 201, *et seq.*

71.     At material times, Defendant was an eligible and covered employer of Plaintiffs pursuant to the FLSA. 29 U.S.C. § 203(d).

72.     At all times relevant, Defendant is and has been an "enterprise engaged in commerce" as that phrase is used in connection with the FLSA. 29 U.S.C. § 203(s)(1)(A).

73.     At times relevant, Plaintiffs were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e); 29 U.S.C. § 207(a)(1).

74.     When paid on a commission plus hourly basis, Duran and/or Resendez routinely worked in excess of 40 hours during seven-day workweeks for Defendant. When Duran and/or Resendez worked such overtime hours, they were entitled to overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in a workweek. 29 U.S.C. § 207(a)(1).

75.     When paid on a commission only basis, Duran and/or Resendez routinely worked in excess of 40 hours during seven-day workweeks for Defendant. When Duran and/or Resendez worked such overtime hours, they were entitled to overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in a workweek. 29 U.S.C. § 207(a)(1).

76.     Defendant failed to pay Plaintiffs overtime premium compensation at one and one-half times their respective regular rate of pay for all hours worked over 40 in each and every seven-day workweek during their employment with Defendant. The failure to pay all overtime wages owed includes Defendant's practice and/or policy of not paying for all hours worked, not including bonuses and/or commissions (for pay on an hourly plus commission basis) when

calculating the regular rate of pay, and business expense payroll deductions for items such as uniforms, paperwork processing mistakes, and/or customer issues that cut into the overtime premium compensation owed Plaintiffs.

77.     Defendant's failure to pay Plaintiffs all overtime premium compensation owed is a violation of the FLSA. 29 U.S.C. § 207(a)(1); 29 U.S.C. § 216(b).

78.     Furthermore, in similar fashion to the findings by the aforementioned DOL investigation, Defendant had a practice and/or policy of deducting business expenses from Plaintiffs' respective paychecks for items such as uniforms, paperwork processing errors, and/or customer issues. That resulted in workweeks in which Plaintiffs were respectively not paid at least $7.25 per hour when dividing all wages paid in a workweek by all hours worked in that corresponding workweek.

79.     Additionally, during the time period relevant to this lawsuit, there are workweeks in which Plaintiffs are not/were not paid at least $7.25 per hour worked when dividing all wages received in a workweek by the corresponding total hours worked in that workweek regardless of the aforementioned business expense deductions.

80.     Defendant's failure to pay and/or timely pay Plaintiffs all minimum wage compensation owed is a violation of the FLSA. 29 U.S.C. § 206(a)(1)(C); 29 U.S.C. § 216(b); *Martin*, 117 Fed. Cl. at 615, 617-18.

81.     Defendant did not maintain an accurate number of the daily and weekly hours worked by Plaintiffs. 29 C.F.R. § 516.2(a)(7).

82.     Defendant's violations of the FLSA are and were willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness). For example, Defendant did not make and keep an accurate record of

the total hours worked by Plaintiffs on a daily and weekly basis as required by the FLSA. *Solano v. Ali Baba Mediterranean Grill, Inc.*, No. 3:15-CV-0555-G, 2016 WL 808815, at *5 (N.D. Tex. Mar. 2, 2016) (Fish, J.) (failure to keep accurate or complete records of employment is evidence that can support a finding of willfulness under the FLSA); *Pye v. Oil States Energy Servs.*, LLC, 233 F. Supp. 3d 541, 565 (W.D. Tex. 2017) (same).

83.     Plaintiffs seek all damages available for Defendant's violations of the FLSA.

## VI.     FLSA COLLECTIVE ACTION ALLEGATIONS

84.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

### A.     FLSA Hourly Plus Commission Overtime Claim Collective Action Members

85.     The FLSA Hourly Plus Commission Overtime Collective Action Members are all current and/or former employees of Defendant who are similarly situated to Duran and/or Resendez who: (a) work/worked for Defendant as sales associates; (b) are/were paid on an hourly and commission basis; (c) work/worked more than 40 hours in any workweek in the relevant time period; and (d) are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each such workweek by Defendant.

86.     All of the FLSA Hourly Plus Commission Overtime Collective Action Members are similarly situated to Duran and/or Resendez, and to one another, within the meaning of Section 216(b) of the FLSA.

87.     The time period relevant to the claims of the FLSA Hourly Plus Commission Overtime Collective Action Members is three years preceding the date this lawsuit was filed and forward.

### B.     FLSA Commission Only Overtime Claim Collective Action Members

88.     The FLSA Commission Only Overtime Claim Collective Action Members are all current and/or former employees of Defendant who are similarly situated to Duran and/or Resendez who: (a) work/worked for Defendant as sales associates; (b) are/were paid on commission only basis; (c) work/worked more than 40 hours in any workweek in the relevant time period; and (d) are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each such workweek by Defendant.

89.     All of the FLSA Commission Only Overtime Putative Collective Action Members are similarly situated to Duran and/or Resendez, and to one another, within the meaning of Section 216(b) of the FLSA.

90.     The time period relevant to the claims of the FLSA Commission Only Overtime Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**C.     FLSA Expense Deduction Minimum Wage Claim Collective Action Members**

91.     The FLSA Expense Deduction Minimum Wage Claim Collective Action Members are all current and/or former employees of Defendant who are similarly situated to Duran and/or Resendez who: (a) work/worked for Defendant as sales associates; (b) are/were paid on and hourly plus commission and/or commission only basis; (c) experience/experienced payroll deductions similar to those found by the DOL for Conn's business expense payroll deductions, including uniforms, paperwork processing mistakes, and/or customer issues; and (d) whose average weekly hourly pay, after factoring those payroll deductions, is/was less than $7.25 per hour worked when dividing all wages received by all hours worked in the corresponding workweek.

92.     All of the FLSA Expense Deduction Minimum Wage Collective Action Members are similarly situated to Duran and/or Resendez, and to one another, within the meaning of Section 216(b) of the FLSA.

93.     The time period relevant to the claims of the FLSA Expense Deduction Minimum Wage Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**D.     FLSA Minimum Wage Claim Collective Action Members**

94.     The FLSA Minimum Wage Collective Action Members are all current and/or former employees of Defendant who are similarly situated to Duran and/or Resendez who: (a) work/worked for Defendant as sales associates; (b) are/were paid on a commission only basis; and (c) whose average weekly hourly pay is/was less than $7.25 per hour worked when dividing all wages received by all hours worked in the corresponding workweek(s).

95.     All of the FLSA Minimum Wage Collective Action Members are similarly situated to Duran and/or Resendez, and to one another, within the meaning of Section 216(b) of the FLSA.

96.     The time period relevant to the claims of the FLSA Minimum Wage Collective Action Members is three years preceding the date this lawsuit was filed and forward.

97.     Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

98.     Plaintiffs reserve the right to amend the definition(s) of the FLSA Putative Collective Action Members, or establish sub-classes, if discovery and further investigation reveal that the putative class(es) identified in this document should be expanded or otherwise modified.

99.     Plaintiffs request alternative FLSA overtime and/or minimum wage collective action classes and/or sub-classes as deemed appropriate by the Court relative to conditional and/or final certification.

100.    To the extent that any current and/or former employee of Conn's lawfully released in full their FLSA claims made the subject matter of this lawsuit against Conn's relative to the aforementioned DOL investigation, each such individual is not included in the FLSA Putative Collective Action classes made the subject matter of this lawsuit.

### VIII.   JURY DEMAND

101.    Plaintiffs demand a jury trial.

### IX.     DAMAGES AND PRAYER

102.    Plaintiffs ask that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs and the FLSA Collective Action Members be awarded an order and/or judgment against Defendant for the following:

> a. Certification of Duran's and/or Resendez's FLSA Hourly Plus Commission Overtime Collective Action Claims as a collective action with the requirement of notice of this lawsuit being provided to the putative collective action members;

> b. Certification of Duran's and/or Resendez's FLSA Commission Only Overtime Collective Action Claims as a collective action with the requirement of notice of this lawsuit being provided to the putative collective action members;

*Plaintiffs' Original Complaint for Damages – Page 20*

c.  Certification of Duran's and/or Resendez's FLSA Expense Deduction Minimum Wage Claim Claims as a collective action with the requirement of notice of this lawsuit being provided to the putative collective action members;

d.  Certification of Duran's and/or Resendez's FLSA Minimum Wage Claim Claims as a collective action with the requirement of notice of this lawsuit being provided to the putative collective action members;

e.  Actual damages in the amount of unpaid overtime wages;

f.  Actual damages in the amount of unpaid minimum wages;

g.  Liquidated damages in an equal amount to unpaid overtime wages and/or minimum wages;

h.  Post-judgment interest;

i.  Costs;

j.  Reasonable attorney's/attorneys' fees; and

k.  All other relief to which Plaintiffs and the FLSA overtime wage and/or minimum wage putative collective action members are justly entitled.

Date: September 5, 2018.

Respectfully submitted,

By:    s/ Allen Vaught
        Allen R. Vaught
        TX Bar No. 24004966
        avaught@baronbudd.com
        Baron & Budd, P.C.
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas  75219
        (214) 521-3605 – Telephone
        (214) 520-1181 – Facsimile

ATTORNEYS FOR PLAINTIFFS

*Plaintiffs' Original Complaint for Damages – Page 21*