# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHANIE DURAN and ROSA RESENDEZ, Individually and on behalf of other employees similarly situated | § § § § | |
| | § | A-18-CV-761-RP |
| V. | § § | |
| CONN APPLIANCES, INC. (d/b/a Conn's) | § § | |

## INTERIM[1] REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Compel Arbitration and Dismiss Proceedings pursuant to Federal Rule of Civil Procedure 12(b)(1), (3) or (6) (Dkt. No. 13); Defendant's First Supplement to its Motion (Dkt. No. 15); Plaintiffs' Response (Dkt. No. 17); and Defendant's Reply (Dkt. No. 19). Also before the Court are Plaintiffs' Motion for Conditional Certification (Dkt. No. 26); Defendant's Response (Dkt. No. 33); Plaintiffs' Reply (Dkt. No. 36). The District Court referred the motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72, and Rule 1(d) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

Plaintiffs Stephanie Duran and Rosa Resendez, on behalf of themselves and all others similarly situated, filed this lawsuit against Defendant Conn Appliances, Inc., alleging minimum wage and overtime violations under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA"). Plaintiffs are former

---

[1] The Magistrate Court has ordered Conn's to file an Advisory with the Court before it makes a recommendation to the District Court on Plaintiffs' Motion for Conditional Certification. Accordingly, this Motion remains pending before the Magistrate Court.

Conn's sales associates, and allege that Conn's failed to pay them the overtime wages they were due by: (1) not paying overtime premium compensation for all overtime hours worked, (2) not including commissions and/or bonuses in calculating Plaintiffs' regular rates of pay (for hourly plus commission/bonus pay only), and (3) deducting expenses from Plaintiffs' paychecks which cut into the overtime premium compensation Plaintiffs were owed. Plaintiffs request that the Court conditionally certify this action under § 216(b) of the FLSA for classes of: (1) sales associates paid hourly and/or commission for overtime wage and minimum wage violations, and (2) sales associates paid commission only for overtime wage and minimum wage violations. Dkt. No. 26.

Conn's motion argues that Duran and Resendez's claims are subject to binding arbitration. In their Supplemental Motion, Conn's adds that Louis Pena, who filed a Notice of Consent to Join the suit as a plaintiff two weeks after suit was filed (Dkt. No. 14), should also be compelled to arbitrate his claims against Conn's. Dkt. No. 15.[2] As supplemented, the motion thus requests that Duran, Resendez and Pena be ordered to arbitrate their dispute with Conn's. Plaintiffs respond that arbitration is not mandated because (1) Conn's has failed to prove that the Plaintiffs were provided with, and agreed to, the arbitration clause, (2) Conn's did not address whether the additional Opt-In Plaintiffs are parties to the arbitration clause, and (3) Conn's has not shown a basis for individual

---

[2]In addition to Pena, seven other plaintiffs have filed notices of consent to join the suit. Dkt. Nos. 7, 8, 10, 11, 12, & 21 (adding Reuben Griffin, John Ballejos, Juan Orozco, Hector Gutierrez, Alejandro Resendez, Jasmine Molina, and Joseph Swinney). Though it supplemented the motion to compel arbitration to include Pena in that motion, Conn's has not supplemented its motion with regard to any of these seven other plaintiffs.

arbitrations. Given the potential jurisdictional implications of the arbitration issue, the Court addresses that issue first.³ *See Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 377 (5ᵗʰ Cir. 2016).

## II. STANDARD OF REVIEW

Congress enacted the FAA Act in response to widespread judicial hostility to arbitration. *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 97 (2012). As relevant here, the Act provides:

> A written provision in any maritime transaction or contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The FAA requires courts to enforce arbitration agreements according to their terms. *CompuCredit Corp.*, 565 U.S. at 98. The FAA establishes "a liberal federal policy favoring arbitration agreements." *Id.* (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). "That is the case even when the claims at issue are federal statutory claims, unless the FAA's mandate has been 'overridden by a contrary congressional command.'" *Id.* (quoting *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 226 (1987)).

> [W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Because of the strong presumption in favor of arbitration, the party opposing arbitration bears the burden of proving that the agreement is invalid or that the claims are outside the scope of the agreement. *Carter v.*

---

³On March 7, 2019, the District Court referred the motion to compel arbitration (Dkt No. 13), the supplemental motion to compel arbitration (Dkt No. 15), and the motion to conditionally certify the case (Dkt No. 26) to the undersigned. Dkt. No. 39.

*Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004).

## III. ANALYSIS

### A. Motion to Compel Arbitration

Conn's argues that as a condition of their employment, Plaintiffs executed Conn's's 2012 Dispute Resolution Plan ("2012 DRP") which contains the following arbitration clause:

> 2. As a condition of consideration of your application for employment, your employment or your continued employment at CONN'S, as the case may be, you agree that any controversy or claim arising out of or relating to your application, employment relationship with CONN'S, or the termination of that relationship, must be submitted for final and binding resolution by an impartial arbitrator, to be jointly selected by you and CONN'S from a list of arbitrators provided by the American Arbitration Association (AAA) as outlined in this Plan.
>
>> a. Claims Covered: This agreement to submit to binding arbitration through the Plan:
>>
>>> i. Covers any dispute concerning the arbitrability of any such controversy or claim; and
>>>
>>> ii. Except as provided below, includes, but is not limited to, any claim that could be asserted in court or before an administrative agency or claims for which the applicant, employee or former employee has an alleged cause of action, regarding or relating to . . . wage or benefit claims under the Fair Labor Standards Act ("FLSA") . . . .

Dkt. No. 13-1. Determination of a motion to compel arbitration "involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996). If the court finds that the parties agreed to arbitrate, the burden shifts to the party resisting arbitration to assert a reason that the arbitration agreement is unenforceable.

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985); *Washington Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004). Here, Plaintiffs only dispute the first issue: whether there is a valid agreement to arbitrate between the parties.

While the FAA "reflects a liberal federal policy favoring arbitration," *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012) (internal quotation marks and citation omitted), this policy "does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." *Morrison v. Amway Corp.*, 517 F.3d 248, 254 (5th Cir. 2008). Instead, "to determine whether an agreement to arbitrate is valid, courts apply ordinary state-law principles that govern the formation of contracts." *Carey*, 669 F.3d at 205 (internal quotation marks and citation omitted). The parties agree that Texas law applies in this case. Under Texas law, a binding contract requires: "(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding." *In re Capco Energy, Inc.*, 669 F.3d 274, 279–80 (5th Cir. 2012). When an arbitration agreement is imposed during employment, the question is whether the arbitration agreement was a valid modification of the terms of employment. *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 203 (5th Cir. 2016). "To demonstrate a modification of the terms of at-will employment, the proponent of the modification must demonstrate that the other party (1) received notice of the change and (2) accepted the change." *Id.* (citing *In re Halliburton Co.*, 80 S.W.3d 566, 568 (Tex. 2002)). Texas law also requires that the party moving to compel arbitration show that the agreement meets all of the requisite contract elements. *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018).

Conn's argues that Duran, Resendez, and Pena "were each provided a copy of the DRP, provided an opportunity to read the agreement, and each of the Plaintiffs willingly signed it and returned it. Thus a valid and enforceable contract was formed." Dkt. No. 13 at 5. As evidence of the execution of the Arbitration Clause, Conn's relies on exhibits showing that (1) Stephanie Duran signed a DRP on July 16, 2007, attesting that she had received a copy of Conn's DRP "which became effective March 1, 2006" and agreeing to be "subject to all the provisions of Conn's Dispute Resolution Plan;"[4] (2) Rosa Resendez agreed to adhere to the provisions of the DRP by providing an electronic signature on November 27, 2017;[5] and (3) Louis Pena signed a DRP on May 9, 2011, agreeing to be "subject to all the provisions of Conn's Dispute Resolution Plan."[6] In response, Plaintiffs argue that Conn's has failed to establish that the Plaintiffs were provided with and agreed to the *2012* version of the DRP. Plaintiffs point out that Conn's only has submitted a copy of the 2012 DRP and not the other versions that were in effect when the named Plaintiffs signed the plans. Thus, Plaintiffs contend that Conn's has failed to provide the Court with any evidence that the named Plaintiffs were given notice of the 2012 DRP or agreed to the 2012 DRP—the policy Conn's seeks to enforce.

Plaintiffs are correct that in its original motion Conn's failed to make clear the evidence it was relying on to show that Plaintiffs agreed to the 2012 DRP. In its Reply, however Conn's submitted undisputed evidence showing that Plaintiffs agreed to a DRP that includes an agreement to arbitrate. Specifically, Conn's has provided the Court with evidence that Plaintiffs Resendez and

---

[4]Dkt. No. 13-2.

[5]Dkt. No. 13-3.

[6]Dkt. No. 15-1.

Duran received an electronic copy of Conn's 2012 DRP containing an arbitration provision during their employment and as part of Conn's employee training module. Dkt. Nos. 13-1, 19-1, 19-5, 19-6, 19-7. In addition, Conn's also provided Pena an electronic copy of Conn's 2018 Dispute Resolution Plan containing an arbitration provision (the "2018 DRP") during his employment and as part of Conn's employee training module. Dkt. Nos. 19-2, 19-3. In order to complete the training module, Plaintiffs were required to login using their employee identification and password. Dkt. No. 19-1. The login allowed Conn's to track an individual employee's progress and completion of the training—which it did with regard to Resendez, Duran, and Pena. *Id.* At the end of the training, Resendez, Duran, and Pena executed an electronic acknowledgment certifying they had received the DRP (as well as other company policies), reviewed it, and agreed to its terms.[7] *Id.* Courts have found such evidence sufficient to show that an employee agreed to an arbitration agreement. *See Wal-Mart Stores, Inc. v. Constantine*, 2018 WL 2001959 at * 5-6 (Tex. App. - Dallas Apr. 30, 2018, pet. denied); *Mayton v. Tempoe, LLC*, 2017 WL 2484849 at * 3-4 (W.D. Tex June 7, 2017); *Jones v. Caremark*, 2017 WL 10841218 at * 4 (W.D. Tex. May 18, 2017).[8]

Not only did the Plaintiffs electronically acknowledge receipt of the arbitration clause, they also each continued their employment with Conn's after this. *Id.* "[W]hen an employer notifies an employee of changes to the at-will employment contract and the employee 'continues working with

---

[7] "Texas has adopted the Uniform Electronic Transactions Act (TEX. BUS. & COMM. CODE §§ 322.001–322.021), which provides that electronic signatures may be used in contract formation." *Thick v. Dolgencorp of Tex., Inc.,* 2017 WL 108297, at *2 (E.D. Tex. Jan. 11, 2017).

[8] Plaintiffs rely on *Tucker v. Conn Appliances, Inc.*, 2010 WL 2710693 (S.D. Tex. July 6, 2010) in support of their argument that Conn's has failed to show an agreement to arbitrate. This reliance is misplaced, however, since in *Tucker* Conn's had no evidence that the plaintiffs were notified of, or signed, the arbitration clause. This is not the situation here.

7

knowledge of the changes, he has accepted the changes as a matter of law.'" *In re Halliburton*, 80 S.W.3d at 568 (quoting *Hathaway v. General Mills, Inc.*, 711 S.W.2d 227, 229 (Tex.1986)). Plaintiffs do not dispute any of the above evidence. Conn's has thus carried its burden of showing that the parties entered into a valid agreement to arbitrate under Texas law. Plaintiffs have not pointed to any legal constraints external to the Arbitration Clause that would render it unenforceable. Accordingly, the Court finds that Duran's, Resendez's, and Pena's claims in this lawsuit are subject to arbitration, they should be compelled to proceed to arbitration on these claims, and their claims in this case should be dismissed without prejudice.

Conn's has requested that the Court not only order the Plaintiffs to arbitrate their FLSA claims, but also order them to do so in individual proceedings. Plaintiffs respond that Conn's has failed to point to any provision in the DRP that requires that the Plaintiffs arbitrate their cases individually, and not collectively. The Court agrees. Arbitration is a creature of contract law. Because the parties' agreement does not address whether an arbitration must be individual, or may be consolidated with another arbitration, the Court lacks the authority to decide how those arbitrations should proceed; instead, that will have to be decided by the parties, the arbitration rules, and the judgment of the arbitrators.

The final issue the Court must resolve involves what, if anything, remains of this case if the Plaintiffs must arbitrate their claims against Conn's. Plaintiffs argue that even if Duran, Resendez and Pena must arbitrate, the lawsuit should remain pending because there is no evidence that the seven other plaintiffs are subject to an arbitration agreement. Conn's does not respond to this

argument.[9] The Plaintiffs are correct that, absent any evidence that the remaining opt-in plaintiffs agreed to arbitrate disputes with Conn's, dismissal of the lawsuit is not justified. When a plaintiff files a notice of intent to join a putative FLSA collective action prior to an order certifying the case as such, she simply becomes another named plaintiff in the suit. *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 938 (N.D. Tex. 2014). This means that there are still seven remaining plaintiffs in the case. Moreover, when presented with similar scenarios, courts generally decline to dismiss FLSA cases. *See, e.g., Myers v. TRG Customer Solutions, Inc.*, 2017 WL 5478398 at * (M.D. Tenn. Nov. 15, 2017) (finding that because there were opt-in plaintiffs in the case, compelling arbitration of the named plaintiffs did not automatically require dismissal of the entire case); *Johnson v. TruGreen Ltd. P'ship*, 2013 WL 12120413, at *5 (W.D. Tex. May 21, 2013) ("Because the opt-in plaintiffs had party status at the time the court ruled on TruGreen's motion, the court agrees with Plaintiffs that the claims of the opt-in plaintiffs should have survived the motion to dismiss and compel arbitration."). Thus, dismissal of the case is not appropriate.

**B.     Motion for Conditional Certification**

For several reasons, it is not clear that it is appropriate for the Court to take up the motion for conditional certification at this time. First, the motion relies on the declarations of both Resendez and Duran (as well as declarations from five of the other plaintiffs). Duran and Resendez's declarations are no longer pertinent, however, as their claims are to be arbitrated. Second, the parties may wish to supplement their submissions on this motion in light of the recommendation made herein. And third, as noted previously, the Fifth Circuit has held that a district court should

---

[9]Further, as noted earlier, although Conn's supplemented its motion to compel arbitration to include Ms. Pena, it did not do so with regard to any of these other seven plaintiffs, suggesting perhaps that they do not have arbitration agreements with Conn's.

take up the issue of the arbitrability of the claims of the named plaintiffs in an FLSA collective action before it decides whether to conditionally certify it. As noted, Conn's has remained silent regarding whether it contends that the claims of any of the remaining seven plaintiffs are subject to arbitration agreements. The Court thus needs to have that issue clarified before addressing the certification motion.

The Court therefore **ORDERS** that, no later than **June 14, 2019**, Conn's shall file an Advisory stating whether it contends that any of the seven remaining plaintiffs' claims are subject to arbitration. Once the Court receives that information, it will set a schedule for the next step in the case—either the supplementation of the filings related to certification, or the filing of a new motion to compel arbitration, addressed to the claims of the seven remaining plaintiffs.

## IV. RECOMMENDATION

The undersigned **RECOMMENDS** that Defendant's Motion to Compel Arbitration (Dlt. No. 13) and Supplemental Motion to Compel Arbitration (Dkt. No. 15) be **GRANTED IN PART** and **DENIED IN PART**. The undersigned **RECOMMENDS** that the Court **GRANT** the motions with regard to Stephanie Duran, Rosa Resendez and Rosa Pena and dismiss the claims brought by these parties without prejudice, but to the extent Conn's requests that the parties be required to arbitrate their claims individually, the undersigned **RECOMMENDS** that the Court **DENY** the motion.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file

written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 31st day of May, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE